UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: STERICYCLE, INC., STERISAFE
CONTRACT LITIGATION              MDL No. 2455

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, common defendant Stericycle, Inc. (Stericycle) moves for centralization of this litigation in the Northern District of Illinois. The litigation encompasses four actions, which are listed on Schedule A, pending in the Southern District of California, the Northern District of Illinois (two actions), and the Western District of Pennsylvania, respectively.[1]

All responding plaintiffs support centralization, but there is some disagreement as to an appropriate transferee district. Plaintiff in the Northern District of Illinois *Midgley* action supports centralization in the Northern District of Illinois.[2] Plaintiff in the Western District of Pennsylvania action also supports centralization, but in the Western District of Pennsylvania. Plaintiff in the Northern District of Illinois *Lyndon Veterinary Clinic* action supports centralization in either the Northern District of Illinois or the Western District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All four actions are putative class actions sharing factual issues arising from similar allegations made by Stericycle customers who agreed to the form Stericycle service agreement. Specifically, plaintiffs allege that despite the agreed-upon contract price, Stericycle adds unauthorized and unjustified fees and surcharges to each invoice, and that those fees and surcharges bear no relation to actual increases in Stericycle's costs. Plaintiffs also allege that Stericycle

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The Panel has been informed of a related federal action pending in the Southern District of California, as well as a related *qui tam* action is pending in the Northern District of Illinois. Those actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] In his brief to the Panel, the *Midgley* plaintiff argued that there was a reasonable prospect of Section 1404 transfer, to the Northern District of Illinois, of the Western District of Pennsylvania and Southern District of California actions, and that such transfer would obviate the need for centralization under Section 1407. At oral argument, however, plaintiff changed his position to support centralization.

- 2 -

automatically increases the periodic service charge by eighteen percent every nine months, and that those increases also are unrelated to actual increases in the company's costs. Centralization would avoid duplicative discovery and eliminate the possibility of inconsistent rulings on class certification and other pretrial matters.

We conclude that the Northern District of Illinois is an appropriate transferee district for this litigation. Stericycle is headquartered in that district, and thus many of its witnesses and documents are likely to be found there. In addition, two of the five constituent actions are pending there, as is the related *qui tam* action. The Honorable Milton I. Shadur, to whom we assign this litigation, is an experienced jurist and a previous transferee judge. He already is presiding over the two constituent Northern District of Illinois actions, and we have every confidence that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable Milton I. Shadur for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         Paul J. Barbadoro
Charles R. Breyer         Lewis A. Kaplan
Sarah S. Vance

IN RE: STERICYCLE, INC., STERISAFE  
CONTRACT LITIGATION                                      MDL No. 2455

## SCHEDULE A

<u>Southern District of California</u>

Sassan Alavi, M.D. v. Stericycle, Inc., et al., C.A. No. 3:13-00880     13cv5797

<u>Northern District of Illinois</u>

Lyndon Veterinary Clinic, PLLC v. Stericycle, Inc., C.A. No. 1:13-02499  
Harry C. Midgley, III v. Stericycle, Inc., C.A. No. 1:13-03448

<u>Western District of Pennsylvania</u>

Cochranton Veterinary Hospital v. Stericycle, Inc., C.A. No. 1:13-00071   13cv5799