```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

IN RE STERICYCLE, INC.        )
                              )
                              )    No.  13 C 5795
                              )    MDL No. 2455
STERISAFE CONTRACT LITIGATION )
```

## MEMORANDUM ORDER

This Court, having been designated as the transferee judge under MDL No. 2455, has received confirmation of the final approval of that designation--and that has occasioned the transfer to this District Court, and in turn to this Court's calendar, of a substantial number of cases from around the country. This memorandum order is issued sua sponte to address a legal issue posed by that designation and the consequent case transfers.

After this Court had received the assignment, under this District Court's random assignment system, of <u>Lyndon Veterinary Clinic, PLLC v. Stericycle, Inc.</u>, No. 13 C 2499, defendant Stericycle, Inc. ("Stericycle") filed a motion to dismiss that case--a motion to which plaintiff's counsel in the <u>Lyndon</u> case filed a July 23 memorandum in opposition. That same procedure was echoed in the second case filed in this District Court, <u>Midgley v. Stericycle, Inc.</u>, No. 13 C 3448, after that case had been reassigned to this Court's calendar on relatedness grounds

under this District Court's LR 40.4.[1] This Court has not had the opportunity to ascertain whether a like procedure has been followed in one or more of the numerous cases that have since come to this Court's calendar pursuant to the MDL designation.

It is anticipated that, as is typical in MDL cases, a single consolidated complaint is in the offing, with appropriate arrangements to be made for the management of the case. What this Court does not know, of course, is whether the issues teed up by the two motions to dismiss referred to earlier will be equally applicable to that consolidated complaint or, on the other side of the "v." sign, whether plaintiffs' counsel in other cases transferred here would plan to provide added or different input to any motions seeking to dismiss their cases.

What appears obvious to this Court is that it would be a mistake to deal at this time with the pending motions to dismiss in the Lyndon and Midgley cases (and, of course, in any of the transferred-in cases that come burdened with like motions). Instead this Court orders the reinstatement of the previously set status conference at 9 a.m. August 28, 2013, at which time the subject addressed here will be a principal part of the agenda.

_____
Milton I. Shadur
Date: August 21, 2013    Senior United States District Judge

---

[1] Because plaintiffs in the two cases were represented by different lawyers, the briefing was not identical--and this Court would then have been required to issue separate opinions.

2