Kingman Kidney Clinic, LLC.
Nutley Kidney Clinic, LLC.
*Plaintiffs*
Jason R. Harrington, Esq.
*Attorney for Plaintiffs*
244 Fifth Avenue, Suite J207
New York, NY 10001
718-268-7348

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>STERICYCLE, INC.<br>Steri-Safe Contract Litigation | Case No. 1:13-cv-5795<br>MDL No. 2455<br><br>**PLAINTIFFS' OPPOSITION TO STERICYCLE'S MOTION TO DISMISS TAG ALONG ACTIONS**<br><br>Date: January 21, 2015<br>Time: 10:00 am CST<br>Judge: Hon. Milton I. Shadur<br>Courtroom: 2303 |

Section 1407(a) of the Judicial Code states that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for <u>coordinated or consolidated pretrial proceedings.</u>" (emphasis added) 28 U.S.C. §1407(a). The intent behind consolidating cases into one district is to streamline discovery, reduce costs, and save the resources of all involved parties, attorneys, and/or witnesses. <u>See In Re Plumbing Fixture Cases</u>, 298 F. Supp. 484 (J.P.M.L. 1968). Included as part of these centralized or consolidated cases are "tag-along actions" - that is, cases which the Multi-District Litigation Panel (hereinafter, "MDL Panel") learned of after the initial consolidation. <u>See</u>, Edward Ruff & James G. Gillingham, "The Ins and Outs of Trying the Bellwether Case in MDL" by Edward Ruff and James G. Gillingham 2011 (BLUEBOOK). The goal, thus, of Multi-District Litigation as it applies to consolidated cases is to

streamline pre-trial proceedings in the name of judicial economy and efficiency.

I. <u>If Stericycle's Motion is granted, it undermines the intent of the law which is to promote judicial economy and efficiency. Defendants motion asserts that the dismissal of the tag-along action serves</u>

Defendant, in paragraph 7 of its motion papers, asserts that the dismissal serves the interest of judicial economy and efficiency. This assertion is directly contrary to the facts.

Initially, Stericycle successfully moved the MDL Panel to centralize several actions which resulted in a Transfer Order filed on August 6, 2013. (ECF Document #1).[1] In rationalizing the consolidation, the MDL Panel held that the Northern District of Illinois would serve as a convenient locale for parties and witnesses and would "promote the just and efficient conduct of the litigation."

If defendant's motion survives, it would <u>undermine</u>, not serve, the promotion of judicial economy and efficiency intended by the §1407(a) and as set forth in the August 6, 2013 order. Initially, plaintiffs were transferred to the current venue by Conditional Transfer Order dated September 15, 2014 based on common questions of fact.

Second, the goal of MDL (and really the basis of judicial economy and efficiency) is to streamline discovery and restrict costs in pre-trial proceedings. If the dismissal of the of the tag-along actions is allowed to stand, the longstanding principles of judicial economy and efficiency will be eroded. The end result is multiple discovery, multiple duplicative responses, and multiple court appearances to name but a few. In short, although defendant claims judicial economy as a basis for this motion, that is, in fact, not the case.[2]

REST OF PAGE LEFT INTENTIONALLY BLANK

---

1 Defendant now seeks to reverse an order that it successfully sought a year and a half ago.
2 Regarding defendant's assertion that plaintiffs are not named parties in the "First Amended Consolidated Complaint", the reasons are manifold. First, we did not know of the existence of the cases consolidated by MDL. Second, we filed our complaint in the Eastern District of New York when we deemed it appropriate.

II.  <u>Conclusion</u>

It is respectfully submitted that the defendant's motion to dismiss tag along actions be denied for the aforementioned reasons.

                                               HARRINGTON &  
                                               GOKHALE, PLLC

                                               Jason R. Harrington, Esq.  
                                               244 Fifth Avenue, Suite J207  
                                               New York, NY 10001  
                                               718-268-7348