UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Stericycle, Inc.<br>Steri-safe Contract Litigation | No. 13 C 5795<br>MDL No. 2455<br><br>Hon. Milton I. Shadur |

## MANHATTAN NURSING AND REHABILITATION CENTER, LLC'S RESPONSE IN OPPOSITION TO STERICYCLE'S MOTION TO DISMISS TAG-ALONG ACTIONS

All 39 Plaintiffs in the tag-along action styled *Manhattan Nursing and Rehabilitation Center, LLC, et al. v. Stericycle Inc.* originally filed in the United States District Court for the Southern District of Mississippi, Northern Division, Civil Action No. 3:14-cv-00275-HTW-LRA (hereinafter "Mississippi Plaintiffs" or "Mississippi Action") oppose Stericycle's Motion to Dismiss Tag-Along Actions because it fails to provide any legal basis for dismissal, because dismissal would be contrary to the very purpose of multidistrict litigation, and because dismissal would unfairly prejudice the Mississippi Plaintiffs. The Mississippi Plaintiffs have no objection to a stay of their case pending a determination of whether a class will be certified in the lead case and they will be members of the class.

### FACTS AND PROCEDURAL BACKGROUND

In 2013, multiple suits were filed against Stericycle based on its unlawful automatic price increases imposed on its Steri-Safe Contract customers. At Stericycle's request, on August 6, 2013, these actions were consolidated by the Multidistrict Litigation Panel ("MDL Panel") to create this Multidistrict Litigation ("MDL") pending before this Court. [Doc. 1]. The

1

Mississippi Action, filed on March 31, 2014, and the originally consolidated cases contain essentially the same allegations and present identical issues.

On April 3, 2014, counsel for Stericycle notified the MDL Panel of the Mississippi Action and identified it as a potential tag-along action[1] to the MDL. [MDL Doc. 49, attached as Exhibit "A"]. In accordance with Rule 7.1(a) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, a Conditional Transfer Order ("CTO-4") was filed in the Mississippi Action. A copy is attached as Exhibit "B." CTO-4 explained that the Mississippi Action appeared to "involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Shadur." *Id.* Therefore, the Mississippi Action was "transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of August 6, 2013, and, with the consent of that court, assigned to the Honorable Milton I Shadur." *Id.*

The Mississippi Action has been pending in the MDL for over eight months. During that time, lead Plaintiffs' counsel appointed by the Court have taken the lead in pursuing discovery, and Plaintiffs' counsel in the Mississippi Action have consulted with lead counsel regularly regarding case developments. Stericycle's Motion to Dismiss Tag-Along Actions [Doc. 91] came as a surprise because it was Stericycle itself that petitioned for the MDL to be created and that notified the MDL Panel of the Mississippi Action as a potential tag-along case. The Mississippi Plaintiffs submit that there is no basis for dismissing their suit or any of the other tag-along cases. Although Stericycle asserts that its motion "provides the information necessary

---

[1] "'Tag-along action' refers to a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407." J.P.M.L Rule 1.1(h).

to dismiss the tag-along actions," [Doc. 91 at ¶ 1], the motion provides no valid legal grounds for dismissing them.

## ARGUMENT

Stericycle's motion appears to be based on four arguments. First, Stericycle points to the fact that the tag-along plaintiffs are not named in the First Amended Complaint filed in the MDL. [Doc. 91 at ¶¶ 4–5]. This is a standard feature of MDL practice, however, because each case transferred to an MDL maintains its separate identity. This separateness is necessary because the tag-along cases may one day be remanded to the courts from which they were transferred. *See* J.P.M.L. Rule 10.2(a) ("Upon the suggestion of the transferee judge or the Panel's own initiative, the Clerk of the Panel shall enter a conditional order remanding the action or actions to the transferor district court."). Additionally, Stericycle has filed an Answer to the Mississippi Action in the MDL. [Doc. 80]. There can be no question that the Mississippi Plaintiffs' claims are properly before the Court in a separate tag-along case.

Second, Stericycle states that there has "been very little communication from counsel for [the tag-along cases] since their cases were transferred into the consolidated action." [Doc. 91 at ¶ 5]. Notably, Stericycle does not claim there has been *no* such communication. Counsel for the Mississippi Plaintiffs have communicated with Stericycle's counsel on several occasions because of Stericycle's ongoing attempts to collect from the Mississippi Plaintiffs bills reflecting the unlawful charges. Moreover, the frequency of communications between counsel for Stericycle and Plaintiffs' counsel in the tag-along cases is necessarily limited because the Court appointed Hagens Berman as interim lead plaintiffs' counsel. [Doc. 55]. Counsel for the Mississippi Plaintiffs have nonetheless monitored all filings in this case and have had periodic communications with Hagens Berman regarding the status of discovery. Additionally, even if

3

there had been no communication at all between counsel for the Mississippi Plaintiffs and Stericycle's counsel, that would still not be a legal justification for dismissing the Mississippi Plaintiffs' case.

Next, Stericycle suggests that the fact that two other sets of plaintiffs voluntarily dismissed their cases somehow supports dismissal of the remaining tag-along actions. As the name implies, a voluntary dismissal can only be accomplished "at the plaintiff's request." Fed. R. Civ. P. 41(a)(2); *see also* Fed. R. Civ. P. 41(a)(1)(A) (noting when a "plaintiff may dismiss an action without a court order"). The Mississippi Plaintiffs have not requested dismissal and oppose this Motion. That other plaintiffs chose to voluntarily dismiss their claims is of no moment.

Finally, Stericycle's claim that dismissal of the tag-along actions would serve "the interest[s] of judicial economy and efficiency" is factually incorrect and undermined by its own position taken throughout this litigation. As noted above, Stericycle petitioned the MDL Panel to establish this MDL because "the discovery sought by the various plaintiffs will substantially overlap," and "the cases all involve nearly identical legal questions." [MDL Doc. 1 at ¶¶ 1–2, attached as Exhibit "C"]. In doing so, Stericycle pointed out the following reasons why consolidation is the most efficient and judicious course:

- "Without consolidation, courts in each jurisdiction will have to determine identical issues." *Id.* at ¶ 2.

- "Requiring the cases to go forward separately would not only be an inefficient use of judicial resources, but would risk conflicting decisions, particularly with regard to the issue of class certification." *Id.* at ¶ 3.

- "Since each case arises from the same operative facts, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same witnesses and documents." *Id.* at ¶ 6.

4

JM SDG01 1360133 v3
2914439-000447 01/15/2015

- "The fact that the actions are all at substantially the same stage in litigation would maximize the efficiency benefits of consolidation and transfer. None of the actions at issue have progressed beyond the early pleadings stages." *Id.* at ¶ 7.

- "[C]onsolidation of the proceedings will avoid duplicative efforts, streamline the litigation, avoid potentially contradictory rulings, and promote the just and efficient resolution of these matters." *Id.* at ¶ 13.

The same facts that supported creation of the MDL and consolidation of all similarly situated cases are still present today—just and efficient pretrial proceedings. *See In re Zimmer NexGen Knee Implant Products Liab. Litig.*, 890 F. Supp. 2d 896, 904 (N.D. Ill. 2012) ("[T]he primary purpose behind the establishment of a multidistrict litigation transferee court was and is to promote efficiency through the coordination of discovery.") (brackets in original) (citation omitted); *see also* 28 U.S.C. § 1407(a) (authorizing MDL litigation "for the convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions"). In fact, at the last hearing, counsel for Stericycle represented to the Court that "ultimately we are going to want [the tag-along plaintiffs] here . . . for discovery purposes, for motion purposes . . . for resolution purposes." [Tr. at 5:21–6:2, attached as Exhibit "D"].

If "the discovery sought by the various plaintiffs will substantially overlap," if "the cases all involve nearly identical legal questions," and if all actions ultimately need to be in the MDL "for discovery purposes, for motion purposes [and] for resolution purposes," then dismissal without prejudice cannot be the most efficient and judicious solution. If dismissed, the Mississippi Plaintiffs, and presumably all other tag-along plaintiffs, would have two choices. They could do nothing and thereby risk irreparable prejudice if a class is not certified and they do not become class members, or they could mitigate that risk by promptly suing Stericycle again. Any new suits would likely appear before the MDL Panel for transfer a second time. *See* J.P.M.L. Rule 7.1(a). And if not transferred, the plaintiffs in each of the new cases as well as

5

Stericycle would have to conduct discovery on an individual basis, which is the very duplication the MDL was created to avoid.

The Mississippi Plaintiffs do not believe the risk of prejudice from dismissal can be eliminated. There are 39 Mississippi Plaintiffs. Collectively, they have suffered over $500,000.00 in actual damages caused by Stericycle's unlawful overcharges. This does not include treble damages, punitive damages, or attorneys' fees. To preserve their rights as named plaintiffs, the Mississippi Plaintiffs would have no choice but to file another suit if their tag-along action is dismissed. Even a brief delay between dismissing the Mississippi Action and filing a new complaint could reduce the Mississippi Plaintiffs' recoverable damages based on application of the statute of limitations. The Mississippi Plaintiffs would also incur additional filing fees and the unnecessary costs of duplicative discovery.

In summary, Stericycle has not set forth a valid reason for dismissing the tag-along actions. Its Motion is inconsistent with the position it has taken from the outset that the tag-along actions should be part of the MDL. The motion should be denied.

The Mississippi Plaintiffs understand the Court's concern about maintaining an efficient and orderly docket, but they submit that there is an alternative to dismissal that will accomplish this goal. Proceedings in this tag-along action could be stayed pending a decision regarding class certification and a determination of whether the Mississippi Plaintiffs will be members of the class. During the stay, the case's tag-along docket number could be administratively closed. This would address concerns about the docket without prejudicing the Mississippi Plaintiffs.

Finally, if the Court decides to remove the Mississippi Action from its docket altogether, the Mississippi Plaintiffs request that their case be remanded to the transferor court rather than dismissed. *See* J.P.M.L. Rule 10.2(a) ("Upon the suggestion of the transferee judge or the

JM SDG01 1360133 v3
2914439-000447 01/15/2015

Panel's own initiative, the Clerk of the Panel shall enter a conditional order remanding the action or actions to the transferor district court."). Remand obviously would not be possible if the case has been dismissed. *See* J.P.M.L. 10.1(a) ("Where the transferee district court terminates an action by valid order, including . . . judgment of dismissal . . . [t]he terminated action shall not be remanded to the transferor court . . . .") Either outright denial of Stericycle's motion or a stay of the tag-along cases, however, would be preferable to remand.

## CONCLUSION

The Mississippi Plaintiffs submit that Stericycle's Motion to Dismiss Tag-Along Actions should be denied. Alternatively, the Mississippi Plaintiffs request that their case be stayed and closed administratively until a determination is made regarding whether they will be members of a class. Finally, if the Court decides to remove the Mississippi Action from its docket altogether, the Mississippi Plaintiffs request that it be remanded to the United States District Court for the Southern District of Mississippi.

This the 15th day of January, 2015.

Respectfully submitted,

MANHATTAN NURSING AND
REHABILITATION CENTER, LLC;
TUPELO NURSING AND
REHABILITATION CENTER, LLC;
BRANDON NURSING AND
REHABILITATION CENTER, LLC;
LAKELAND NURSING AND
REHABILITATION CENTER, LLC;
CLEVELAND NURSING AND
REHABILITATION CENTER, LLC;
RULEVILLE NURSING AND
REHABILITATION CENTER, LLC;
CHADWICK NURSING AND
REHABILITATION CENTER, LLC;
MCCOMB NURSING AND
REHABILITATION CENTER, LLC;
JONESBORO NURSING AND
REHABILITATION CENTER, LLC;
DOUGLASVILLE NURSING AND
REHABILITATION CENTER, LLC;
LAKE CITY NURSING AND
REHABILITATION CENTER, LLC;
JONESBORO ASSISTED LIVING
CENTER, LLC;
BIRMINGHAM NURSING AND
REHABILITATION CENTER EAST,
LLC;
BIRMINGHAM NURSING AND
REHABILITATION CENTER, LLC
FORMERLY KNOWN AS FORESTDALE
HEALTH CARE CENTER;
EIGHT MILE NURSING AND
REHABILITATION CENTER, LLC D/B/A
NORTH MOBILE NURSING AND
REHABILITATION CENTER;
MOBILE NURSING AND
REHABILITATION CENTER, LLC;
ELBA NURSING AND
REHABILITATION CENTER, LLC;
FAIRFIELD NURSING AND
REHABILITATION CENTER, LLC;
FLORENCE NURSING AND
REHABILITATION CENTER, LLC;
BERNICE NURSING AND

8

REHABILITATION CENTER, LLC;
RINGGOLD NURSING AND
REHABILITATION CENTER, LLC;
FARMERVILLE NURSING AND
REHABILITATION CENTER, LLC;
NATCHITOCHES NURSING AND
REHABILITATION CENTER, LLC;
RUSTON NURSING AND
REHABILITATION CENTER, LLC;
WINNFIELD NURSING AND
REHABILITATION CENTER, LLC;
ARCADIA NURSING AND
REHABILITATION CENTER, LLC
D/B/A/ WILLOW RIDGE NURSING AND
REHABILITATION CENTER;
JENA NURSING AND
REHABILITATION CENTER, LLC;
QUINCE NURSING AND
REHABILITATION CENTER, LLC;
ALLENBROOKE NURSING AND
REHABILITATION CENTER, LLC;
SCENIC NURSING AND
REHABILITATION CENTER, LLC;
JEFFERSON CITY NURSING AND
REHABILITATION CENTER, LLC;
RIVERSIDE NURSING AND
REHABILITATION CENTER, LLC;
WHITE HALL NURSING AND
REHABILITATION CENTER, LLC;
CALHOUN NURSING AND
REHABILITATION CENTER, LLC;
GRANITE NURSING AND
REHABILITATION CENTER, LLC;
STEARNS NURSING AND
REHABILITATION CENTER, LLC;
ASBURY, INC.;
CHRISTIAN HOME FOR THE AGED,
INCORPORATED

By Their Attorneys

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

By: *s/ Samuel D. Gregory*
    SAMUEL D. GREGORY

9

JM SDG01 1360133 v3
2914439-000447 01/15/2015

Brooks Eason, MS Bar No. 5286
W. Davis Frye, MS Bar No. 10671
Samuel D. Gregory, MS Bar No. 104563
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211
Telephone: 601-351-2400
Facsimile: 601-351-2424

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of January, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s Samuel D. Gregory*
SAMUEL D. GREGORY

JM SDG01 1360133 v3
2914439-000447 01/15/2015