```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

   In Re:                          )  No. 13 C 5795
                                   )
                                   )  Chicago, Illinois
   Stericycle, Inc., Sterisafe     )  January 21, 2015
   Contract Litigation             )  9:05 o'clock a.m.


          TRANSCRIPT OF PROCEEDINGS - MOTION TELEPHONE CONFERENCE
                   BEFORE THE HONORABLE MILTON I. SHADUR

   APPEARANCES:

   For the Plaintiffs:        MS. ELIZABETH A. FEGAN
                              HAGENS BERMAN SOBOL SHAPIRO, LLP
                              1144 West Lake Street
                              Oak Park, Illinois 60301
                                      and
                              MR. GARTH WOJTANOWICZ
                              HAGENS BERMAN SOBOL SHAPIRO
                              1918 Eighth Avenue, Suite 3300
                              Seattle, Washington 98101

   For the Defendants:        MR. RAYMOND J. ETCHEVERRY
                              PARSONS BEHLE & LATIMER
                              One Utah Center
                              201 South Main Street
                              P.O. Box 45898
                              Salt Lake City, Utah 84145
                                      and
                              MR. PAUL E. CHRONIS
                              DUANE MORRIS LLP
                              190 South LaSalle Street, Suite 3700
                              Chicago, Illinois 60603

   ALSO PRESENT:              MR. MICHAEL A. McSHANE
                              MS. ALLISON F. BORTS
                              MR. SAMUEL D. GREGORY
                              MR. W. DAVIS FRYE


   Court Reporter:            ROSEMARY SCARPELLI
                              219 South Dearborn Street
                              Room 2304A
                              Chicago, Illinois  60604
                              (312) 435-5815
```

| | |
|---|---|
| 1 | THE CLERK: 13 C 5795, In the matter of Stericycle. |
| 2 | MS. FEGAN: Good morning, your Honor, Elizabeth |
| 3 | Fegan for plaintiffs. And I have with me Garth Wojtanowicz, |
| 4 | my partner from Seattle. |
| 5 | MR. ETCHEVERRY: Ray Etcheverry for Stericycle, |
| 6 | your Honor. |
| 7 | MR. CHRONIS: Good morning, your Honor, Paul |
| 8 | Chronis for Stericycle. |
| 9 | THE COURT: Good morning. And how many people do |
| 10 | you have for potential participation on the phone, one or |
| 11 | more? |
| 12 | THE CLERK: When I asked the lady she talked about |
| 13 | three. |
| 14 | (Discussion held off the record.) |
| 15 | THE CLERK: 13 C 5795, In the matter of Stericycle. |
| 16 | MS. FEGAN: Good morning, your Honor, Elizabeth |
| 17 | Fegan again for plaintiffs. |
| 18 | THE COURT: You don't have to reflect your |
| 19 | appearances again. Tell me what has happened, if anything. |
| 20 | MS. FEGAN: Your Honor, we let everybody know the |
| 21 | hearing was starting and they need to get on the phone. And |
| 22 | I can only say that we are here and they have chosen not to |
| 23 | appear, I suppose. |
| 24 | THE COURT: Well, I will tell you what I am going |
| 25 | to do. They are not participating, they are not |

1  participating.  I want to tell you what I think the
2  appropriate action is in connection with the one item that is
3  on for consideration, and that is the motion.
4          MR. CHRONIS:  Your Honor, may --
5          THE COURT:  Yeah?
6          MR. CHRONIS:  I am sorry to interrupt.  I just want
7  to -- because this bears on what you are talking about now.
8  In response to the e-mail that counsel just sent out one of
9  the plaintiff's lawyers sent out an e-mail that we just
10 received seconds ago saying, "Davis Frye and I are already on
11 the phone on behalf of all plaintiffs in the Mississippi
12 suit."
13         MS. FEGAN:  Perhaps they are en route.
14         THE COURT:  I have several responses that objected
15 to the motion.
16         MR. ETCHEVERRY:  Someone is claiming to be on the
17 phone.
18         THE COURT:  Oh, really?
19         MR. CHRONIS:  Yes.  And it says, "Mike McShane and
20 Allison Borts are on the call as well on behalf of their
21 respective clients."  So it sounds like two groups.
22         THE COURT:  Well, Carol, can you manage --
23      (Discussion off the record.)
24         THE CLERK:  Hello?  Is anyone there?  We are not
25 connected unless I have to redial because they must -- I

1    don't know.
2            MR. ETCHEVERRY:  Should we redial one more time?
3            THE COURT:  Re-place it.
4            THE COURT:  All right.  Counsel out in telephone
5    land, would you please identify yourselves for the record.
6    And then whenever you have occasion to speak, unless there is
7    one man and one woman, in which case our court reporter won't
8    have any difficulty, give your name up front before you talk
9    so that she can match up what is being said with who is
10   saying it.  Hello?
11           MR. McSHANE:  This is Michael McShane for
12   plaintiffs Brucker and Hair Restoration Center of Utah.
13           MS. BORTS:  Allison Borts for Dr. Sassan Alavi.
14           MR. GREGORY:  Samuel Gregory and Davis Frye on
15   behalf of all 39 plaintiffs in the action involving the
16   Southern District of Mississippi.
17           THE COURT:  Okay.  And can we now again have
18   counsel here in court so that we can complete the thing and I
19   can go on to what I was going to talk about.
20           MS. FEGAN:  Yes, your Honor.  This is Elizabeth
21   Fegan and Garth Wojtanowicz for plaintiff.
22           MR. ETCHEVERRY:  Ray Etcheverry for Stericycle,
23   your Honor.
24           MR. CHRONIS:  Paul Chronis for Stericycle.
25           THE COURT:  Okay.  As all of you know, this special

1  status hearing which precedes the previously scheduled one in
2  mid-March was occasioned by Stericycle's motion to dismiss
3  tagalong actions.  I have received several objections to
4  them.  I have read them all.
5         And I should explain -- and I -- something that is
6  related to my general point of view toward -- both toward the
7  manual of complex litigation, MDL matters and so on, and that
8  is I have used the term -- and I know it sounds pejorative
9  and in a sense it is, that one of one of the things that is
10 troubling about the kind of arrangement that the Manual For
11 Complex Litigation sets up is -- with the committee and
12 liaison and so on is that it leads to the phenomenon of too
13 many lawyers feeding at the trough; that when it comes
14 ultimately to disposition in the case of success and sharing
15 in whatever fee award may be involved, my experience has been
16 that the most sensible approach is basically to select a best
17 available customer for purposes of handling the matter and to
18 vest the responsibility in that party and leave to them and
19 the others the determination of what involvement is going to
20 be held by the others, so that we have essentially one
21 responsible party.
22         Now, that could of course lead to a situation in
23 which tagalong actions -- and all of us know how they
24 arise -- could be dismissed out on the theory that those
25 people are not necessary.  There is a problem with that, of

1  course, in MDL situations and it is one of the things that I
2  I don't think that got really referred to a lot or if at all
3  in the objections, and that is that all of us know that one
4  of the aspects of the law in MDL actions is that cases may
5  ultimately be sent back to the place of origin.  And of
6  course that would be particularly awkward in a situation in
7  which you had dismissed out any of those cases.
8           So it seems to me that the most sensible thing to
9  do is to deny the motion actually to dismiss the tagalong
10 actions, but I had noted, for example, that some of the
11 people who had responded said, "Look, we are perfectly
12 willing to have a stay and perhaps in the future somewhere
13 along the line have our case dismissed out if it seems
14 appropriate and can be done within the general context of the
15 -- of the -- overall the consolidated litigation.
16          Now it seems to me -- now I don't know whether -- I
17 haven't really compared all of these to see whether everybody
18 who has been an objector has taken the same stands.  And it
19 seems to me that the -- that what I think probably makes
20 sense is to get a -- to get a representation as a record
21 matter by all of those who have objected as to what they are
22 prepared to do in conjunction with the litigation if I simply
23 stay the underlying actions, which is effectively what has
24 been the case when I have got one lead party and the others
25 do not have a specific role to play.

1    MR. ETCHEVERRY: The only concern I have about
2 that, your Honor, is that all of these cases have been
3 consolidated here for purposes of discovery and pretrial
4 procedures. And so we want these parties to be bound by the
5 discovery that is conducted and we want them available for
6 treatment -- pretrial motion practice as well.
7    THE COURT: Of course. Of course. And that is
8 accomplished essentially by having the current posture of the
9 case, as I have described it, continue because it does not --
10 it does not create any alteration in the existence of the
11 tagalong actions. It -- they are -- they have been referred
12 to this Court as tagalong actions which means that they are
13 available for the processes of the litigation. And I think
14 that that follows really as a matter of course from the
15 assignment.
16    Are you -- are you telling me something different?
17    MR. ETCHEVERRY: No, I am not. I mean -- and
18 obviously we filed this motion sort of at the Court's
19 initiative, but I think some of these, to be technical, are
20 tagalongs. Others were here prior to the consolidation of
21 the complaint. And so my only interest, Stericycle's only
22 interest, is that all of these cases be treated as a
23 consolidated proceeding for discovery and pretrial purposes.
24    THE COURT: I think that is -- I think that
25 follows, as I say, as a matter of course from the very

1  reference of the tagalongs and the first ones, the ones that
2  preceded tagalong actions, are in that posture from the
3  beginning.
4         MR. ETCHEVERRY:  Sure.
5         THE COURT:  So nothing alters that.  And it seems
6  to me that Stericycle's purposes as well as those of all of
7  the people on the -- on the other side of the versus sign are
8  accomplished.
9         Now, I do recognize that there is a dispute about
10 the question of the discovery that has taken place.  And I
11 don't want to -- I don't want to leave that or take that off
12 of the -- or even move it to the back burner, you know.  And
13 therefore I am perfectly willing and really anxious to get
14 that issue resolved so that we can move forward in a
15 constructive way.  So let's talk about that portion of it, if
16 we may.
17        MS. FEGAN:  Your Honor, we are actually scheduled
18 at 10:00 a.m. this morning before the Magistrate to directly
19 address it.
20        THE COURT:  Oh.
21        MS. FEGAN:  So I am hopeful that will help us all
22 move forward through that and we will be able to report back
23 to the Court in short order that we are moving through and
24 past it.
25        THE COURT:  Now keep in mind that one of the things

1    I did in setting the status date as I did was to keep the
2    case from falling between the cracks while there is a
3    reference to the Magistrate Judge.  What that means is that
4    date is not particularly graven in stone.  If anything calls
5    for a report -- I have not done this, you know, in the form
6    of a formal reference for purposes of a report and
7    recommendation.  That is really not I think in the cards on
8    this one when you are talking about discovery aspects and you
9    have got a good Magistrate Judge.  Thank goodness we are
10   favored with a terrific group in that respect.  I would
11   anticipate that we would be getting some outcome.  Whenever
12   that happens, I am here.  Okay?  So that anybody can bring it
13   on simply by an ordinary notice.
14             MS. FEGAN:  Thank you, your Honor.
15             THE COURT:  So I think that that really is all that
16   we have to look to today.  I am denying the motion for
17   dismissal, but we are keeping -- and I shouldn't say "but" --
18   and we are keeping everybody in place for the reasons that we
19   have talked about.  They are still participants in the
20   litigation.  And of course that -- what that also does,
21   although as you know the MDL Panel has also on occasion said,
22   "Well, let's keep the actions, all of them, in the place of
23   the MDL reference," but that is -- but I am not -- you know,
24   I am not arguing for that.  I am not indicating either way on
25   that.  If it happens, it happens.  But if not and it calls

```
 1   for reference back, as it happens in another action, another
 2   MDL case I just got a reference back of a case that had
 3   originated here.  The MDL Panel dealt with it and then sent
 4   it back, the one case, for purposes of disposition here.  So
 5   it happens.  As you know, it is -- they are the ones who are
 6   really masters of this thing, and I am perfectly happy with
 7   that.  Okay?
 8           MR. ETCHEVERRY:  All right.
 9           THE COURT:  That covers it, doesn't it?
10           MS. FEGAN:  It does.  Thank you, your Honor.  And I
11   apologize about the phone.
12           THE COURT:  All right.  I know this is -- we are
13   off.
14      (Discussion held off the record.)
15           THE COURT:  Well, it has been nice seeing you, and
16   I will wait to hear you.
17           MR. CHRONIS:  Thank you.
18           MS. FEGAN:  Thank you very much, your Honor.
19           MR. ETCHEVERRY:  Thank you.
20           THE CLERK:  And you want to keep the March 24th
21   status?
22           THE COURT:  Oh, yes.  Thank you.
23           MS. FEGAN:  Sure.
24       (Which were all the proceedings heard.)
25
```

```
 1                         CERTIFICATE
 2      I certify that the foregoing is a correct transcript
 3   from the record of proceedings in the above-entitled matter.
 4
 5   s/Rosemary Scarpelli/        Date:   February 4, 2015
```