UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION | MDL No. 2455<br>No. 13 C 5795<br><br>Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' STATUS REPORT RE: MOTION FOR COURT-SUPERVISED DISCOVERY MILESTONES AND OTHER CONDITIONS TO EXPEDITE DISCOVERY**

**I.    INTRODUCTION AND BACKGROUND**

Plaintiffs' Motion for Court-Supervised Discovery Milestones and Other Conditions to Expedite Discovery ("Motion") seeks to address concerns about the slow pace of Stericycle's production and the extent to which Stericycle excluded documents as non-responsive. During the January 21, 2015 hearing, the Court declined to impose a production deadline, but ordered Stericycle to produce 500 documents it deemed "non-responsive" for five Stericycle custodians and report on its production progress at the next hearing.[1]

Although Stericycle has improved its pace of production, that production is still remarkably slow. Plaintiffs therefore request that this Court continue to supervise Stericycle's production, and renew their request for a production deadline. The parties have also completed the production and review of the "non-responsive" documents required by the Agreed Order. Plaintiffs' review of these documents revealed a significant over-exclusion: nearly 19% of the documents should have been produced. However, in keeping with the "common sense"

---

[1] The Court entered an Agreed Order governing the "non-responsive" documents on January 30, 2015.

approach this Court urged at the January hearing, Plaintiffs withdraw their request to require predictive coding without prejudice, with the intent to renew it once a class is certified.

**A.      Stericycle's pace of production has improved, but remains remarkably slow.**

Since the January hearing, Stericycle has produced approximately 15,000 documents (not including the 2,500 "non-responsive" documents this Court ordered), slightly more than it produced between July 2014 and January 2015. While this constitutes improvement, Stericycle's production is still nowhere near the pace counsel typically sees in similar cases. *See* Motion at p. 5, citing examples of defendant production rates). Moreover, although Stericycle agreed to complete the production of documents for key custodians, it has not certified completion for *any* custodian, and continues to produce documents from key custodians' files. Thus, the pace and manner of Stericycle's production are impeding the onset of meaningful deposition discovery.

Plaintiffs remain concerned that Stericycle's pace of production remains too slow, and that Stericycle has not been willing or able to commit to a completion date or certify completion for select custodians. As a result, Plaintiffs respectfully request that the Court set a deadline for Stericycle to complete its production and continue to supervise Stericycle's production.

**B.      Plaintiffs' review of the "non-responsive" documents revealed significant over-exclusion, but Plaintiffs seek to withdraw their motion without prejudice, to renew it when a class is certified.**

Stericycle produced the 2,500 "non-responsive" documents as required by the Agreed Order.[2] Plaintiffs' counsel reviewed those documents in detail and discovered that approximately 19% were responsive to Plaintiffs' document requests and should have been produced.

---

[2] There were and are some relatively minor problems with and disputes about the production that need not be addressed at this time.

010362-11  768364 V1

Plaintiffs' counsel reviewed and categorized the documents into three groups. "Category 1" documents were not only directly responsive to a request but bearing on determinative issues. In their judgment, approximately 3% of the 2,500 documents Stericycle produced were "Category 1," including:

- "Weekly Dashboard Indicators" spreadsheets detailing Stericycle's revenues and costs, including revenues derived from price increases;[3]

- a "Universal Reject List" specifying whether and how Stericycle's standard contracts can be changed by negotiations, including pricing, fees, and price increase terms;[4]

- job descriptions that refer to "challenging customer negotiations" to "preserve our … annual price increases …";[5]

- a Small Quantity customer sales revenue forecast;[6]

- performance reviews of employees with responsibility for price increase strategy, including one who "piloted programs to ensure a higher stick rate on price increases";[7] and

- an e-mail in which the author asks for information to be used in the decision whether to raise environmental and regulatory fees.[8]

"Category 2" documents were squarely responsive to Plaintiffs' requests, although not bearing directly on determinative issues in the case. Approximately 9% of the documents were in this category, including:

---

[3] SRCL-MDL2445268 (responsive to RFP 11, requesting copies of cost and revenue reports, among other things).

[4] SRCL-MDL2453271 (responsive to RFPs 15, 25, 28, 30, and 31, among others).

[5] SRCL-MDL2419944 (responsive to RFP 6); *see also* SRCL-MDL2421976, SRCL-MDL2421978.

[6] SRCL-MDL2420257 (responsive to RFP 11).

[7] SRCL-MDL2425894 (responsive to RFPs 10 and 26, and including additional review comments such as "[o]vercoming our PI strategy and competitive pressure to drive loyalty is a sizeable task," "a severe disconnect in value vs. price and weak customer relationships were the key drivers," and "[a]ssessed legal liability of contract alterations."

[8] SRCL-MDL2425962 (responsive to RFP 31).

- spreadsheets directing sales managers to "implement the energy charge across the majority of your customer base";[9]

- spreadsheets describing revenue saved or lost through customer credit or refund requests;[10]

- an analyst report noting that "[e]nergy as a percent of revenue came in at 5.7%, below the 2008 peak of 7.6% as the company's overall efficiency has improved, and while diesel prices are higher, electricity and natural gas are lower";[11] and

- "GM" (gross margin) and pricing tools Stericycle used to determine how much to charge customers and what its gross margins would be at a given price.[12]

"Category 3" documents were those believed to be relevant and responsive, but about which there may be room for debate. Nevertheless, given the liberal standards for discovery, Plaintiffs believe this category of documents should have been produced. Approximately 7.5% of the documents reviewed fell in this category.

Plaintiffs believe this significant over-exclusion warrants the relief outlined in Plaintiffs' motion, including the imposition of a predictive coding regime. At the appropriate time, Plaintiffs believe Stericycle should be ordered to adopt a predictive coding scheme in which *both* parties participate in training the predictive coding program.[13]

Nevertheless, consistent with the "common sense" approach this Court urged at the January hearing, Plaintiffs withdraw their request for predictive coding without prejudice.[14]

---

[9] SRCL-MDL2419809 (responsive to RFP 31); *see also* SRCL-MDL2419810, SRCL-MDL2419814.

[10] SRCL-MDL2453193 (responsive to RFP 11, requesting financial reports including customer credit or refund reports).

[11] SRCL-MDL2425892 (responsive to RFPs 16, 17).

[12] SRCL-MDL2417535 (responsive to RFP 15, requesting documents regarding the establishment of pricing).

[13] *See, e.g.*, *Da Silva Moore v. Publicis Groupe*, 287 F.R.D. 182, 192 (S.D.N.Y. Feb. 24, 2012) *adopted sub nom. Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012).

[14] Plaintiffs are not withdrawing this Motion because the review failed to reveal deficiencies. Indeed, the deficiencies were significant and, Plaintiffs believe, warrant significant relief. Plaintiffs' decision is a reflection of a desire to avoid potentially unnecessary costs for both parties associated with developing and implementing a predictive coding system and additional document review. If a class is not certified, the issue becomes moot and the Court and both parties will have avoided significant time and expense. If a class is certified, Plaintiffs intend to

Plaintiffs have continued to review and analyze the evidence produced by Stericycle since filing this Motion. Based on that review, Plaintiffs are confident that, once Stericycle has completed its current production and with selective deposition discovery, they will have sufficient evidence to gain class certification. While the evidence contained in the improperly withheld documents is clearly relevant, responsive and discoverable, Plaintiffs believe the proposed Class is better served if they proceed expeditiously to class certification. If a class is certified, however, that information may well be necessary and appropriate to meet the higher burden that will accompany a trial in this case, and Plaintiffs reserve their right to renew this Motion at that time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court set a deadline for completing its document production and continue to supervise discovery in this matter.

---

renew their motion, and will do so with the benefit of the sample document review rather than attempting to "prove a negative," and the issue will be ripe for determination.

010362-11 768364 V1

- 6 -

DATED: March 20, 2015          HAGENS BERMAN SOBOL SHAPIRO LLP


By:   */s/ Steve W. Berman*
      Steve W. Berman
Jeffrey T. Sprung
Garth Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: jeffs@hbsslaw.com
E-mail: garthw@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
E-mail: beth@hbsslaw.com

*Interim Lead Class Counsel*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 20th day of March, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Steve W. Berman*
Steve W. Berman

010362-11 768364 V1