```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

  In Re:                         )  No. 13 C 5795
                                 )
                                 )  Chicago, Illinois
  Stericycle, Inc., Sterisafe    )  March 15, 2015
  Contract Litigation            )  9:30 o'clock a.m.


            TRANSCRIPT OF PROCEEDINGS - STATUS
         BEFORE THE HONORABLE MILTON I. SHADUR

  APPEARANCES:

  or the Plaintiffs:        MR. GARTH WOJTANOWICZ
                            HAGENS BERMAN SOBOL SHAPIRO
                            1918 Eighth Avenue
                            Suite 3300
                            Seattle, Washington 98101
                                    and
                            MS. ELIZABETH A. FEGAN
                            HAGENS BERMAN SOBOL SHAPIRO, LLP
                            1144 West Lake Street
                            Oak Park, Illinois 60301


  For the Defendants:       MR. RAYMOND J. ETCHEVERRY
                            PARSONS BEHLE & LATIMER
                            One Utah Center
                            201 South Main Street
                            P.O. Box 45898
                            Salt Lake City, Utah 84145
                                    and
                            MR. PAUL E. CHRONIS
                            DUANE MORRIS LLP
                            190 South LaSalle Street
                            Suite 3700
                            Chicago, Illinois 60603



  Court Reporter:           ROSEMARY SCARPELLI
                            219 South Dearborn Street
                            Room 2304A
                            Chicago, Illinois  60604
                            (312) 435-5815
```

1        THE CLERK:  13 C 5795, In the matter of Stericycle
2    litigation.
3        MR. ETCHEVERRY:  Good morning, your Honor, Ray
4    Etcheverry for Stericycle.
5        MR. CHRONIS:  Good morning, your Honor, Paul
6    Chronis on behalf of Stericycle.
7        MR. WOJTANOWICZ:  Good morning.  Garth Wojtanowicz,
8    of Hagens Berman on behalf of plaintiffs.
9        MS. FEGAN:  Good morning, your Honor, Elizabeth
10   Fegan for plaintiffs.
11       THE COURT:  Good morning.  Well, it is nice to have
12   a motion on occasion in a case so I know everybody is alive.
13       MR. ETCHEVERRY:  I think it is the first motion,
14   your Honor.
15       THE COURT:  Yeah.  But the sense that I get reading
16   this one is that the problem that is posed is not of the
17   comparable difficulty of the old business of being able to
18   pat your head and rub your stomach at the same time, you
19   know, which used to be one of the challenges.  I really don't
20   understand why the -- what would be an orderly -- and I would
21   assume not overly extensive examination of these two key
22   officials -- and I recognize that they are busy people --
23   should somehow get in the way of the preparation for the
24   dealing with the motion for certification.
25       You know, I read the -- I read the motion for a

1  protective order and I honestly didn't find it particularly
2  compelling.  Tell me why it is -- it is really something that
3  makes them unavailable in terms of a reasonable time frame
4  that I would assume is not going to occupy them that much in
5  terms of the actual commitment.  And when I say "the actual
6  commitment," I am talking about whatever preparation has to
7  take place.
8            So why is that --
9            MR. ETCHEVERRY:  Well --
10           THE COURT:  Go ahead.
11           MR. ETCHEVERRY:  I don't think it is their
12 availability, your Honor.  It is simply this:  The issue is
13 that these are the depositions of two of the very key
14 executives --
15           THE COURT:  Yes, I know.
16           MR. ETCHEVERRY:  -- who are intimately involved in
17 the issues in this case.  And the issue really is that there
18 are thousands of documents that need to be reviewed in order
19 to prepare for their depositions.  And it is not an issue of
20 whether their depositions are going to be taken.  Certainly
21 their depositions can be taken.
22           The issue is simply that we need adequate time to
23 prepare our response to their motion.  And I don't want to
24 just get jammed between getting ready for these depositions,
25 the work of which will be very substantial and responding to

1  the motion.
2      And so long as we have adequate time to do both, we
3  can do the depositions before we file our response or we can
4  do the depositions after we file our response.  I just don't
5  want the plaintiffs to be in here arguing to you that we need
6  finite less time to respond to the motion and then trying to
7  divert our resources that are necessary to prepare for these
8  two depositions because as I have indicated to
9  Mr. Wojtanowicz, and he knows, there is 5,000 documents
10 associated with one of the deponents and there is 6,000
11 documents associated with another deponent.  And for us to
12 review those and to be prepared to take the depositions takes
13 significant time away from our preparation of our response to
14 their motion.
15     And so the issue is simply we can take the
16 depositions, but I want fair and reasonable time ultimately
17 to respond to the motion.
18     THE COURT:  Well, tell me about -- I assume you are
19 not going to be asking about 5,000 documents or 6,000
20 documents, counsel, right?
21     MR. WOJTANOWICZ:  No.  No, of course not, your
22 Honor.
23     MR. ETCHEVERRY:  But the point is we don't know
24 which documents they are going to ask about, and we need to
25 review those in detail and be prepared to prepare our

1   witnesses.  So it is not a matter of they may only have 50
2   documents that they are going to use but --
3               THE COURT:  Yeah.  But on the other hand all of us
4   know that when you are taking depositions, it is not a
5   particularly constructive way to do it to say "and here are
6   the things that we are going to be asking about" --
7               MR. ETCHEVERRY:  Sure.
8               THE COURT:  -- because that doesn't serve the
9   purpose for which depositions are intended.
10              It is -- it seems to me that the thing that ought
11  to be done here is to permit depositions to go ahead.  If you
12  find that the scope of the depositions and the questions that
13  are asked are the sort of thing that really calls for these
14  gentlemen to be delving back in detail into a lot of
15  documents they haven't had a chance to review, then you can
16  -- then we can simply have the deposition on a staged basis.
17              But I would think that they ought to at a minimum
18  to prepare themselves in terms of what they would -- they
19  know what the issues are here.  I mean, you know, it is not
20  -- it is not a mystery what this case is about.  And so I
21  think that it is -- it is kind of -- it is a legitimate
22  lawyer exaggeration to talk about the numbers of documents as
23  though somehow a person has to be in total command of
24  everything that is shown in those documents in order to be
25  able to be responsive to the issues that are involved in this

1   lawsuit.

2       MR. ETCHEVERRY:  Well, I think it is a matter of
3   the lawyers being in total command, your Honor.  And the
4   reality is that our team will need to look at all of those
5   documents in detail so that we can sift out certainly the --
6   you know, the 50 or 100 documents that the witnesses need to
7   be involved with.

8       But my team, our team, will need to review all of
9   those documents.  And it is the lawyers who are honestly
10  preparing the response to the motion.  And so we simply will
11  need to take the time that we need to take.  And we can
12  address it further with the Court when we have a status
13  conference.  I just want the Court to be aware that it is
14  going to take substantial resources in order to prepare for
15  those depositions.  And it if impacts our ability to respond
16  to their motion, I just don't want to be whipsawed between
17  one and the other.

18      THE COURT:  Yes?

19      MR. WOJTANOWICZ:  Your Honor, if I may.  I think
20  that what is becoming clear here is that this is not so much
21  a problem with preparing for these depositions.  It is really
22  a play for more time.  They have already asked for 120 days
23  to respond to our motion for class certification.  And rather
24  than spend the last 30 days preparing for these depositions,
25  it is apparent that instead they have used their time and the

1  resources to try to fight them, and they are here today to do
2  that.
3        As I mentioned in our -- in our brief in
4  opposition, one of the witnesses, Mr. Kogler, has already
5  been deposed three times as a 30(b)(6) witness in this case.
6  They offered him on a number of subjects and his deposition
7  was taken on those subjects.  He has also attended more than
8  half of the depositions as a company representative.  This is
9  a man who is intimately familiar with the case pretty much on
10 all levels as far as we can tell.  He has been there and he
11 knows what we are talking about and what the issues are.
12 Mr. Alutto has not attended the depositions, but as you said
13 it is not a secret what this case is about.
14       Furthermore, I would point out that Stericycle
15 presumably already reviewed these documents before they
16 produced them to us.  They engaged in, apparently, a very
17 careful and thorough review of the documents before producing
18 them to us because it took them almost two years to complete
19 their document production.  So they are already familiar with
20 what is in these documents.
21       And to suggest that they need more time to prepare
22 for these depositions and that that time should sort of be
23 tacked onto the time that they need to respond to our motion
24 for class certification, I don't think it is proper.  We
25 could have been moving forward with these depositions and

1  they could still be working on their class certification
2  motion.
3      THE COURT: Yeah. I really am not persuaded that
4  this thing ought to go longitudinally, which is what is
5  suggested. And I don't know any reason why you can't be
6  operating on parallel tracks, and that is going ahead with
7  the depositions while at the same time you are active, as I
8  know you have been and would continue to be, in terms of
9  responding to the motion for class certification.
10     So I am -- I am disinclined to issue a protective
11 order because I don't think that it constitutes in the
12 classic language of 26(c)(1) annoyance or harassment or
13 oppression or an undue burden. So I am -- I am going to deny
14 the motion for a protective order.
15     What they have asked for is that you do the thing,
16 the depositions, within a reasonable time frame. And I don't
17 anticipate that they are going to be oppressive on that
18 score. So I am going to leave you to your own devices at
19 this point.
20     MR. ETCHEVERRY: Okay.
21     THE COURT: Okay?
22     MR. ETCHEVERRY: That is fine, your Honor. We will
23 go forward with the depositions. And like I said I think the
24 issue to us is simply fair and reasonable time to respond.
25 And if it impacts us, we will let you know about that.

1    THE COURT: Sure.
2    MR. ETCHEVERRY: And if it doesn't, then we will
3 proceed apace.
4    THE COURT: I did say -- want to add one other
5 thing that got prompted by the most recent addition to the
6 group, and that is that because those cases get separate case
7 numbers in our District, whoever is involved, for example, in
8 responding should not number the response in terms of our
9 master number because you understand what I have gotten I
10 think in the most recent response, that Frenchman thing I
11 think was marked 13 C 5795.
12    MR. ETCHEVERRY: Oh, rather than the MDL number.
13    THE COURT: That is not such a hot idea because
14 that as you know is massive.
15    MR. ETCHEVERRY: Sure.
16    THE COURT: And each -- I simply keep each one of
17 those in its proper number, although I don't deal with them
18 separately.
19    MR. ETCHEVERRY: Okay.
20    THE COURT: That is just informational.
21    MR. ETCHEVERRY: All right. Thank you, your Honor.
22    THE COURT: Okay?
23    Thank you all.
24    MR. WOJTANOWICZ: Your Honor, may I ask just one
25 point of clarification --

| | |
|---|---|
| 1 | THE COURT: Sure. |
| 2 | MR. WOJTANOWICZ: -- to help guide our |
| 3 | conversations? |
| 4 | In our opposition I suggested a reasonable time, as |
| 5 | you noted, and I suggested that two weeks for the first |
| 6 | deposition would be a more or less reasonable time, you know, |
| 7 | given that we are -- we have another status conference in |
| 8 | mid-April. So I just wanted to see if the Court had any |
| 9 | guidance to offer on that front. |
| 10 | THE COURT: Any comments? |
| 11 | MR. ETCHEVERRY: You know, your Honor, I have had |
| 12 | preliminary discussions with our people actually in |
| 13 | anticipation that we may have to go forward, and so I can |
| 14 | talk to Mr. Wojtanowicz about that. But April 5th or 6th |
| 15 | appears to be a date that we could do Mr. Kogler. And then |
| 16 | Mr. Alutto we would probably have to do the first week of |
| 17 | May. |
| 18 | THE COURT: All right. And if that is so and it |
| 19 | doesn't make sense for us to retain the status date that I |
| 20 | have next in the case -- what is -- |
| 21 | MR. ETCHEVERRY: April 14. |
| 22 | THE COURT: It is in April, right? |
| 23 | MS. FEGAN: April 14. |
| 24 | THE COURT: -- then just let us know and I will |
| 25 | move the date, obviously. |

```
 1         MR. WOJTANOWICZ:  Yeah, I believe the purpose of
 2  that status conference was to determine --
 3         THE COURT:  Right.
 4         MR. WOJTANOWICZ:  -- their progress on the motion
 5  for class certification opposition, so we can communicate
 6  before that --
 7         THE COURT:  Yes.
 8         MR. WOJTANOWICZ:  -- and see if we believe it is
 9  necessary.
10         THE COURT:  Thank you all.
11         MR. ETCHEVERRY:  Thank you, your Honor.
12         MR. WOJTANOWICZ:  Thank you.
13         MS. FEGAN:  Thank you, your Honor.
14      (Which were all the proceedings heard.)
15                        CERTIFICATE
16      I certify that the foregoing is a correct transcript
17  from the record of proceedings in the above-entitled matter.
18
19  s/Rosemary Scarpelli/         Date:  March 21, 2016
20
21
22
23
24
25
```