UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION | No. 1:13-cv-05795 MDL No. 2455 |
| | Judge Milton I. Shadur |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND APPROVAL OF NOTICE PLAN**

Hagens Berman Sobol Shapiro LLP ("Hagens Berman" or "Class Counsel"), on behalf of

Class Representatives Lyndon Veterinary Clinic, PLLC, RESEARCHDX, LLC, Cochranton

Veterinary Hospital, Amores Dental Care, McMackin & Zimnoch, P.C., Madison Avenue

Professional Building, and Greater Hampstead Family Medicine, PC., presents this unopposed

motion seeking preliminary approval of the Settlement Agreement and Release ("Agreement").[1]

The Class, previously certified by the Court, is defined as:

> All persons and entities that, between March 8, 2003 through the
> date of preliminary approval resided in the United States (except
> Washington and Alaska), were identified by Stericycle as "Small
> Quantity" or "SQ" customer, and were charged and paid more than
> their contractually-agreed price for Stericycle's medical waste
> disposal goods and services pursuant to Stericycle's Automated
> Price Increase Policy. Governmental entities whose claims were
> asserted in *United States ex rel. Perez v. Stericycle Inc.* shall be
> excluded from the class.[2]

The proposed Class Representatives for purposes of this Settlement are all former

Stericycle customers who were subject to Stericycle's Automated Price Increase policy. Their

---

[1] The Settlement Agreement and its exhibits are attached to the Declaration of Steve W. Berman ("Berman Decl.") as Exhibit 1.

[2] Dkt. No. 261. The Class approved by the Court covered the period "March 8, 2003 through the date of trial." For purposes of settlement, the class period necessarily runs only through the date of preliminary approval, which serves as a proxy for the "date of trial."

experiences, as detailed in Plaintiffs' Motion for Class Certification, are typical of the Class.  All of the Class Representatives have approved the Settlement Agreement.  The previously certified Class continues to meet the requirements of Rule 23, for the reasons set forth in the Court's Order certifying the class.

Because the Court has previously certified a class in this matter, the issue before it now is a simple one:

> Is the Settlement Agreement, which provides $295 million to the Class and contains prospective relief that will put an end to the disputed pricing practice, cap future price increases, provide for additional transparency in future contracts, and contains mechanisms for monitoring compliance with the Settlement Agreement, within the range of possible approval?

As reflected in more detail in Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Settlement and Approval of Notice Plan ("Memorandum"), the answer to that question is "Yes."

Rule 23(e) "requires court approval of any settlement that effects the dismissal of a class action.  Before such a settlement may be approved, the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion."[3]  In making this determination, courts examine whether the settlement is "within the range of possible approval,"[4] which involves examining the following factors:  (1) the strength of the plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement among affected

---

[3] *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (citation omitted).
[4] *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (citation omitted).

parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed.[5]

The Court should grant Plaintiffs' motion because all of these factors weigh in favor of granting preliminary approval.

- Plaintiffs' case still faces substantial hurdles, potential delays, and no certainty that a favorable outcome at trial would result in a verdict providing relief greater than that afforded by the Settlement. The Settlement provides significant benefits to the Class, including a $295 million cash payment, a cessation of the disputed pricing practices, a cap on future price increases, and oversight by a Settlement Monitor to ensure compliance. These certain benefits outweigh the uncertain prospects of continued litigation and favor preliminary approval.

- If this case returns to a litigation footing, there will likely be substantial delays as Stericycle challenges the Court's granting of class certification. Once the matter gets to trial, further uncertainties lie ahead, including serious defenses that could eliminate or reduce the Class's recovery. These risks are removed by the Settlement. The risk, expense, complexity, and likely duration of further litigation weigh in favor of preliminary approval.

- All of the Class Representatives favor the Settlement and the Settlement provides substantial benefits to the Class. Opposition to the Settlement at this point is *de minimus* and there is no reason to expect significant opposition after notice has been given.

- The terms of the proposed Settlement were reached following extensive discovery by attorneys familiar with the legal and factual issues of the case. The case has been thoroughly litigated and subjected to extensive briefing on class certification. Class Counsel has the benefit of a deep understanding of the factual and legal issues and recommends the Settlement.

---

[5] *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

The Court should also approve the notice plan described in the Settlement Agreement. Reasonable notice must be provided to class members to allow them an opportunity to object to the proposed Settlement.[6] Rule 23(e) requires notice of a proposed settlement in such manner as the court directs. The MANUAL FOR COMPLEX LITIGATION ("MANUAL") sets forth several elements of the "proper" content of notice. If these requirements are met, notice satisfies Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e), and due process, and binds all members of the Class. The notice must:

1.  Describe the essential terms of the settlement;

2.  Disclose any benefits or incentives to the class representatives;

3.  Provide information regarding attorneys' fees;

4.  Indicate the time and place of the hearing to consider approval of the settlement, and the method for objection to and/or opting out of the settlement;

5.  Explain the procedures for allocating and distributing settlement funds; and

6.  Prominently display the address of class counsel and the procedure for making inquiries.[7]

The proposed notices, attached as Exhibits 2 and 4 to the Settlement Agreement, are clear, precise, informative, and meet the foregoing standards. The proposed notice plan, relying on the same records Stericycle used to direct its service billing with appropriate updates by the Settlement Administrator, will reliably provide the best possible notice to the Class. The proposed notices and notice plan meet or exceed the standards above and should be approved.

---

[6] *See Durrett v. Housing Auth. of Providence*, 896 F.2d 600, 604 (1st Cir. 1990).

[7] MANUAL ¶ 30.212 (3d ed. 1995); *see also, e.g., Air Lines Stewards & Stewardesses Ass'n Local 550 v. Am. Airlines, Inc.*, 455 F.2d 101, 108 (7th Cir. 1972) (notice that provided summary of proceedings to date, notified of significance of judicial approval of settlement, and informed of opportunity to object at the hearing satisfied due process).

010362-11 992520 V1

The Settlement Agreement contains benchmarks and deadlines for the Settlement Administrator's issuance of class notice, for opting out of the Settlement, and for objecting to the Settlement. Plaintiffs recommend that the Court adopt the schedule in the table attached to Plaintiffs' Memorandum as Exhibit A.

As more fully described in the Memorandum and supporting exhibits, Plaintiffs respectfully request that the Motion be granted and the Court enter an order:  (i) conditionally certifying the class; (ii) granting preliminary approval of the Settlement; (iii)  establishing the deadlines reflected above; and (iv) directing that notice be provided to the Class in accordance with the Agreement.

DATED:  October 17, 2017                    Respectfully submitted,

By:   /s/ Steve W. Berman
       Steve W. Berman
Garth D. Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: garthw@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: beth@hbsslaw.com

*Class Counsel*

010362-11 992520 V1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on October 17, 2017. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

DATED:  October 17, 2017        HAGENS BERMAN SOBOL SHAPIRO LLP

By: <u>    /s/ Steve W. Berman        </u>
       STEVE W. BERMAN

010362-11 992520 V1