UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION | No. 1:13-cv-05795<br>MDL No. 2455<br><br>Judge Milton I. Shadur |

**DECLARATION OF PATRICK KILBOURNE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND APPROVAL OF NOTICE PLAN**

I, Patrick J. Kilbourne, declare under penalty of perjury under the laws of the United States as follows:

1. I am a director at Berkeley Research Group, LLC ("BRG"). I was retained by Hagens Berman Sobol Shapiro LLP ("Class Counsel") to analyze information and data provided by Stericycle, Inc. ("Stericycle") in connection with the above-captioned litigation. I submit this declaration in support of Plaintiffs' motion for preliminary approval of the proposed class action settlement between the Class and Stericycle, Inc. ("Stericycle").

2. I was retained by Class Counsel to analyze Stericycle's data and other information for the purposes of determining, among other things, whether Stericycle's customer transactional database ("database") contained sufficient information to permit the identification of Class members who were charged and paid more than their Contractually Agreed Price (i.e., the price initially agreed to for Stericycle services) as a result of Stericycle's policy of imposing Automated Price Increases ("APIs") that was the subject of this litigation. As part of my assignment, I also analyzed whether the database would also permit the calculation of the extent

to which each member of the Class was charged more than originally agreed, making allowances for the amounts by which Stericycle was permitted to raise prices to account for increases in its costs under the operative contract language. My analysis, which was presented in detail in my declaration in support of Plaintiffs' Motion for Class Certification, showed that the answer to both questions was "Yes." Using Stericycle's detailed customer transactional database, I was able to develop a computer model that identifies all customers who were charged and paid APIs, and calculates the total by which each customer was "overcharged."

3. I have reviewed the Settlement Agreement and the Plan of Allocation. The methodology described in those documents for identifying Class members and calculating the amount by which each was "overcharged" (for purposes of the Settlement, that figure is referred to as the "Gross Compensation Basis") is consistent with the methodology and model I employed for purposes of class certification. I will use the same model and methodology once the Settlement gains preliminary approval, and after receiving updated data through the date of preliminary approval, to identify all members of the Class and calculate the Gross Compensation Basis for each Class member according to the procedures set forth in the Settlement Agreement and Plan of Allocation. In my opinion, this methodology will provide the most accurate possible determination of each Class member's Gross Compensation Basis, and will accurately identify every member of the Class.

4. Stericycle's database also contains detailed contact information for its customers, because the same database was used in connection with Stericycle's billing process.

5. At the appropriate time, I will provide Class Counsel with a database containing the names, contact information, and Gross Compensation Basis for every member of the Class so

that the Class Action Settlement Administrator can use that information in providing notice to the Class and eventually for determining the amount each Class member should be paid.

6. One of the points of dispute regarding my report related to the actual cost increases Stericycle experienced during the class period. The actual cost increases are relevant because Stericycle's contracts, to paraphrase and simplify, allowed it to increase its prices to account for increases in its own costs. In calculating damages for purposes of class certification, then, my methodology allowed, or did not calculate damages on, an assumed price increase equal to the amount by which I estimated Stericycle's costs actually increased. For purposes of class certification, I estimated that amount to be 4.2% annually through the class period.

7. Although I believe my 4.2% figure to be an accurate estimate, I recognize that it was a figure that was subject to reasonable debate. Stericycle and its experts on class certification claimed that its costs had increased by an amount roughly equal to the APIs it imposed, as measured by its overall profit margin, which remained relatively stable through the class period, or alternatively, that its costs increased by roughly 12% per year. While I do not agree with these figures, I recognize that in a contested trial setting, a reasonable person may have been convinced to accept one of Stericycle's figures over mine. Had a jury accepted Stericycle's argument that its costs had increased by an amount equal to the API amounts, damages for the Class would have been at or near zero. Had a jury accepted Stericycle's alternative argument that its costs increased by 12% annually, Class damages would have been dramatically reduced.

8. The Settlement Agreement and Plan of Allocation uses a figure of 8% for Stericycle's actual annual cost increases, which I understand was a point of negotiation between

the parties. I consider 8% to be a reasonable compromise position reflecting the real-world risk that my analysis of Stericycle's costs may not have been accepted by a jury at trial. In any event, the use of 8% as the annual cost increase figure does not negatively impact the recovery for any Class member, but only reduces the overall calculation of the Gross Compensation Basis. Because the same 8% figure is used to calculate every Class member's Gross Compensation Basis, each Class member will receive the same proportional share of the $295 million settlement fund as they would have received if my 4.2% figure was used.

9. Using the latest available data provided by Stericycle, which runs through August 31, 2017, I have preliminarily calculated the total Gross Compensation Basis for the Class. My calculations will need to be updated after preliminary approval with data that is current through the date of preliminary approval, because under the Agreement, that is the end-date for the class period. As such, my figure is an estimate and subject to revision, but the estimated Total Gross Compensation Basis for the Class is roughly $918 million. The settlement fund of $295 million represents approximately a 32% recovery of the Total Gross Compensation Basis.

10. Based on the same preliminary analysis for purpose of the Settlement, I have also calculated the number of Class members to be roughly 272,000.

11. The Settlement Agreement states that Class Counsel may seek an award of attorneys' fees not to exceed $40 million, and out-of-pocket costs not to exceed $2.8 million. I also understand that Class Counsel may seek service awards on behalf of the class representatives of the greater of $5,000.00 or $100 per hour, and that the costs of Settlement administration will be deducted from the Settlement. Assuming that the maximum attorneys' fees and costs are allowed, service awards of $5,000 are awarded to each class representative,
- 4 -

and that the expenses of administration (including notice, a first check distribution, and a second distribution to Class members) will be $700,000, I calculate the *average* payout to Class members to be roughly $924.00.  Expressed as a percentage of the Total Gross Compensation Basis, the expected net recovery (after fees, costs, awards, and expenses) for the Class using the assumptions above is over 27%.

12. Because the methodology for distributing settlement funds described in the Agreement and the Plan of Allocation apportion settlement funds to Class members according to the extent to which each was impacted by Stericycle's API policy, actual Class member recoveries will vary significantly.  Some Class members have a significantly higher Gross Compensation Basis than others.  Based on my preliminary analysis for purposes of Settlement, I examined the 100 Class members with the highest Gross Compensation Basis.  The average expected recovery for these Class members, after deducting for fees, costs, awards, and expenses as above, is roughly $55,000.

13. Based on the analysis I have performed in this case, both in connection with class certification and with the Settlement, I believe to a reasonable degree of professional certainty that every Class member can be identified through the methods proposed and that each Class member's Gross Compensation Basis (and from that, each Class member's proper share of the settlement fund) can be calculated from the data Stericycle has provided.  Using this information, the Settlement Administrator can issue checks in the appropriate amounts to members of the Class without need for a claims process or further proof of Class membership or damages.

Executed this 13th day of October, 2017, at Salt Lake City, Utah.

_____
PATRICK J. KILBOURNE

- 7 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on October 17, 2017. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

DATED:  October 17, 2017  HAGENS BERMAN SOBOL SHAPIRO LLP

By: ___*/s/ Steve W. Berman*___
      STEVE W. BERMAN