UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION | No. 1:13-cv-05795<br>MDL No. 2455<br><br>Judge Milton I. Shadur |

**PRELIMINARY APPROVAL ORDER**

WHEREAS Plaintiffs Lyndon Veterinary Clinic, PLLC, RESEARCHDX, LLC, Cochranton Veterinary Hospital, Amores Dental Care, McMackin & Zimnoch, P.C., Madison Avenue Professional Building, and Greater Hampstead Family Medicine, PC ("Plaintiffs") and Defendant Stericycle, Inc. ("Stericycle") have entered into a Class Action Settlement Agreement and Release dated October 17, 2017 ("Agreement" or "Settlement Agreement") to settle the above-captioned litigation ("Litigation"); and

WHEREAS the Settlement Agreement, together with its exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation; and

WHEREAS Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement and Approval of Notice Plan ("Motion"); and

WHEREAS the Court certified a Class in this matter by Order dated February 16, 2017 (Dkt. No. 261) that is identical in substance to the Class to which the Settlement will apply if approved; and

WHEREAS the Court, having read and considered the Settlement and its exhibits, the Motion, the pleadings and other papers on file in this action, and statements of counsel,

THE COURT HEREBY FINDS that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

**A. The Court grants preliminary approval of the Settlement and certifies the Class. The Fairness Hearing shall be set for February 19, 2018.**

1. The Court preliminarily approves the Settlement Agreement for purposes of providing notice of the Settlement to the Class and deciding whether to grant final approval of the Settlement.

2. The Court, having previously certified the Class pursuant to federal rules of civil procedure 23(b)(2) and (b)(3), finds that the previously certified Class is appropriate for Settlement purposes as modified. The Class is defined as follows:

> All persons and entities that, between March 8, 2003 through the date of Preliminary Approval[1] of the Settlement Agreement resided in the United States (except Washington and Alaska), were identified by Stericycle as "small quantity" or "SQ" customer, and were charged and paid more than their contractually-agreed price for Stericycle's medical waste disposal goods and services pursuant to Stericycle's automated price increase policy.

3. Specifically excluded from the Class are governmental entities whose claims were asserted in *United States ex rel. Perez v. Stericycle Inc.* as well as any entities that have previously settled similar claims with Stericycle and released those claims.

4. Stericycle shall retain all rights to assert that the Litigation may not be certified as a class action except for settlement purposes.

5. The Court appoints the plaintiffs named above as representatives of the Class.

---

[1] The Class certified in the Court's February 16, 2017 Order stated a class period "between March 8, 2003 through the date of trial . . . ." (Emphasis added.) The class definition has been changed appropriately to extend only through the date of preliminary approval, a necessary and *de minimis* change.

6.  The Court appoints the following attorneys to act as Plaintiffs' Class Counsel:

> Steve W. Berman, Esq.
> Garth D. Wojtanowicz, Esq.
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, Washington 98101
> Telephone: (206) 623-7292
> Facsimile: (206) 623-0594
> Email: steve@hbsslaw.com
> Email: garthw@hbsslaw.com

7.  The Court finds, for purposes of preliminary approval and settlement, and for the reasons set forth in its Memorandum Opinion and Order dated February 16, 2017, that: (a) members of the Class are so numerous as to make joinder of all members of the Class impracticable; (b) there are questions of law and fact common to members of the Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Class; and (d) the Class Representatives and Plaintiffs' Class Counsel will fairly and adequately protect the interests of the Class.

8.  Pursuant to Rule 23(b)(2), the Court finds, for purposes of preliminary approval and settlement, final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

9.  Pursuant to Rule 23(b)(3), the Court finds, for purposes of preliminary approval and settlement, for the reasons set forth in its Memorandum Opinion and Order dated February 16, 2017, that questions of law and fact predominate over any questions affecting individual members of the Class, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

10. Pursuant to Rule 23(d) and (e)(1), the Court finds that it is appropriate to provide notice to the Class as well as provide members of the Class the right to exclude themselves from the Settlement.

11. The Court finds that the proposed Settlement is within the range of possible approval to warrant providing notice to the Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement on **February 23, 2018** at 9:15 am [time] in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in Courtroom 2303 [room].

12. The Court orders that the certification of the Class and preliminary approval of the proposed Settlement, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review, or if any of the parties invokes the right to withdraw from the Settlement as provided in Section VI of the Settlement Agreement, in which event the Settlement Agreement and the fact that the Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

**B.    The Hon. Wayne R. Andersen (ret.) is appointed Settlement Monitor.**

13. The Court appoints Hon. Wayne R. Andersen (ret.) as Settlement Monitor, who shall have the responsibilities as set forth in the Settlement Agreement. The Settlement Monitor's initial term shall last until the Settlement Monitor is confirmed or replaced in an Order granting final approval of the Settlement, or until such time as the Court may order.

**C.    Garden City Group, LLC is appointed Class Action Settlement Administrator.**

14. The Court appoints Garden City Group, LLC as Class Action Settlement Administrator, which shall provide notice to members of the Class in accordance with the terms

and conditions of this Order and the Settlement Agreement. Such notice shall be accomplished in a manner consistent with the Settlement Agreement and with the Declaration of Shandarese Garr submitted together with the motion for preliminary approval ("Garr Declaration").

**D.    The Court approves the class notice plan outlined in the Settlement Agreement.**

15. The Court has reviewed and approves the Short Form Notice ("Postcard Notice") which, without material alteration from Exhibit 4 to the Settlement Agreement, shall be mailed to members of the Class as set forth in Section V of the Settlement Agreement.

16. The Court has reviewed and approves the Long Form Notice which, without material alteration from Exhibit 2 to the Settlement Agreement, shall be distributed as set forth in Section V of the Settlement Agreement.

17. The Court approves the creation of the Settlement website, which shall include, at a minimum, copies of the Settlement Agreement, Postcard Notice, Long Form Notice, and Plan of Allocation available for viewing or download. The Settlement website shall be maintained in accordance with the provisions of the Settlement Agreement.

18. The Court approves the establishment of a call center for inquiries by members of the Class as described in the Settlement Agreement.

19. The Court orders the Class Action Settlement Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications.

20. The Class Action Settlement Administrator shall begin implementing the Notice Plan no later than thirty (30) days after this Preliminary Approval Order, by which time it shall: a) begin mailing the Postcard Notices to the Class; b) establish and make available online the Settlement website; and c) establish and commence operation of the call center. The Class

Action Settlement Administrator shall complete the mailing of Postcard Notices to the Class no later than fifty-one (51) days after this Preliminary Approval Order.

21. The Court finds that the proposed Notice Plan (i) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; (ii) fairly and adequately describes the terms and effects of the Settlement Agreement; (iii) fairly and adequately describes the date by which Plaintiffs' Class Counsel must file the motion for final approval and motion for award of attorneys' fees and expenses; (iv) fairly and adequately describes the method and date by which any member of the Class may object to or comment upon the Settlement or exclude themselves from the Class; (v) sets a date by which Plaintiffs' Class Counsel may respond to any objections to the Settlement; (vi) provides notice to the Class of the time and place of the fairness hearing; and (vii) constitutes reasonable notice under the circumstances and otherwise meets all requirements of applicable law, including but not limited to Fed. R. Civ. P. 23 and the due process clause of the United States Constitution.

22. The Court orders the Class Action Settlement Administrator to file proof of mailing of the Postcard Notice, proof of posting of the Long Form notice, and proof of maintenance of the Settlement website in the form of a declaration, which shall also state the results of the notice program no later than sixteen (16) days after the deadline to complete the mailing of Postcard Notices to the Class. The Court also directs the parties to provide notice to the Court when direct notice to individual members of the Class through the mailing of the above-described Postcard Notice has been completed.

**E. The Court approves the process described in the Settlement Agreement for members of the Class to opt-out of the Settlement.**

23. The Court approves the procedures set forth in the Settlement Agreement and the Long Form Notice for exclusions from and objections to the Settlement.

24. Any member of the Class who wishes to exclude himself or herself from the Class must comply with the terms set forth in the Settlement Agreement and Notice of Settlement of Class Action. To be considered timely, a request for exclusion must be mailed to the notice administrator, <u>postmarked no later than thirty-three (33) days after the deadline to complete the mailing of Postcard Notices to the Class</u> (i.e., the Opt-Out and Objection Date).

25. Any Class member who does not submit a timely, written request for exclusion from the Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Class member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the release.

26. The Court enjoins all Class members unless and until they timely exclude themselves from the Class from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant, or member of the class in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the released claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made in this Litigation; (iii) pursuing any released claims; and (iv) attempting to effect opt-outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the released claims.

27. The Class Action Settlement Administrator shall provide the Opt-Out List to Plaintiffs' Class Counsel and counsel for Stericycle no later than seven (7) days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with a declaration attesting

010362-11 993178 V1

to the completeness and accuracy thereof no later than twenty-one (21) days before the Fairness Hearing.

## F. The Court approves the process described in the Settlement Agreement for members of the Class to object to the Settlement.

28. The Court orders that each Class member who is not an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to the attorneys' fees and expenses must file with the Court and serve on Plaintiffs' Class Counsel <u>no later than thirty-three (33) days after the deadline to complete the mailing of Postcard Notices to the Class</u>, a statement of the objection signed by the Class member containing all of the following information:

    a. The name, address and telephone number of the person objecting and, if represented by counsel, of his or her counsel;

    b. A written statement of all grounds for the objection accompanied by any legal support for such objection;

    c. Copies of any papers, briefs, or other documents upon which the objection is based;

    d. A statement of whether the objector intends to appear at the fairness hearing; and

    e. If the objector intends to appear at the fairness hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the fairness hearing.

29. Any Class member who fails to file and serve timely a written objection to the Settlement or who fails to otherwise comply with the requirements of this Order shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

30. Any Class member, or any attorney hired by a Class member for the purpose of objecting to the proposed Settlement or to the attorneys' fees and expenses, who intends to make

an appearance at the fairness hearing must provide to Plaintiffs' Class Counsel and Stericycle's counsel and must file with the Clerk of the Court a notice of intention to appear no later than thirty-three (33) days before the Fairness Hearing, or as the Court may otherwise direct.

31. The Class Action Settlement Administrator must promptly furnish Plaintiffs' Class Counsel and counsel for Stericycle with copies of any and all written requests for exclusion that come into its possession. Upon request, the Class Action Settlement Administrator shall provide copies of other communications relating to the Settlement to Plaintiffs' Class Counsel, counsel for Stericycle, and/or the Court or Clerk of the Court.

G. **Plaintiffs' Class Counsel shall timely submit applications for attorneys' fees and expenses and service awards and for Final Approval of the Agreement.**

32. Plaintiffs' Class Counsel shall submit applications for attorneys' fees and expenses and service awards no later than forty-five (45) days before the Fairness Hearing.

33. Plaintiffs' Class Counsel shall file their motion for final approval of the Settlement, including responses to any objections, no later than seven (7) days prior to the Fairness Hearing.

H. **Fairness Hearing**

34. The Court orders that a Fairness Hearing shall be held on February ~~19~~ 23, 2018, [handwritten: 23 ZJS] before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

35. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the fairness hearing or at any adjournment or continuance thereof, and to approve the Settlement

with modifications, if any, consented to by the Plaintiffs' Class Counsel and Stericycle without further notice.

36. All pretrial proceedings in this Litigation and in all transferred actions identified in Exhibit 1 to the Settlement Agreement are stayed and suspended until further order of this Court.

37. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

38. The current deadlines, reflected in detail above, are:

| EVENT | DATE |
|---|---|
| Order Granting Preliminary Approval | 10/30/2017 |
| Notice Campaign Begins | 11/29/2017 |
| Deadline to complete Postcard Notice mailing | 12/20/2017 |
| Deadline for Fee & Award Petition & Notice Declaration | 01/05/2018 |
| Opt-Out and Objection Date | 01/22/2018 |
| Deadline for Opt-Out List | 01/29/2018 |
| Deadline for Motion for Final Approval and Response to Objections | 02/12/2018 |
| Fairness Hearing | 02/~~19~~ 23/2018 *MIS* |

**SO ORDERED.**

Dated: October 26, 2017          /s/ Milton I. Shadur
                                  Judge Milton I. Shadur

Submitted by:

DATED: October 17, 2017

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ Steve W. Berman
    Steve W. Berman
Garth D. Wojtanowicz
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: garthw@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: beth@hbsslaw.com

*Class Counsel*