UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION | No. 1:13-cv-05795 MDL No. 2455 Judge Milton I. Shadur |

**PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES, COSTS, AND INCENTIVE AWARDS**

Hagens Berman Sobol Shapiro LLP ("Hagens Berman" or "Lead Counsel"), on behalf of

Class Representatives Lyndon Veterinary Clinic, ResearchDx, Cochranton Veterinary Hospital,

Amores Dental Care, McMackin & Zimnoch, Madison Avenue Professional Building, and

Greater Hampstead Family Medicine, presents this motion pursuant to Fed. R. Civ. P. 23(h) and

54(d)(2), seeking attorney's fees, costs, and incentive awards for the Class Representatives.

Lead Counsel requests $40 million in attorney's fees and the reimbursement of

$2,670,604.35 in reasonable and necessary costs.[1] The requested fees constitute just 8.79% of the

total value of relief to the Class and 13.56% of the cash portion of the settlement—percentages

far lower than awards commonly approved in similar class actions. Lead Counsel's <u>costs</u> amount

to only 0.6% of the total value, or 0.9% of the cash portion of the Settlement, which also

compares favorably to similar cases and speaks to Lead Counsel's efficiency and economy.

Finally, Plaintiffs seek $5,000 service awards for the Class Representatives—an amount

routinely granted in successful class actions.

---

[1] The Settlement Agreement, attached to the Declaration of Steve W. Berman ("Berman Decl."), filed concurrently herewith, as Exhibit 1 ("Agreement"), permits a request of fees up to $40 million and costs up to $2.8 million. Agreement at 21.

010362-11 1007677 V1

The Settlement provides $295 million in cash, roughly 32% of total Class damages. (Stericycle would present evidence that the recovery exceeds actual damages.) The Settlement also requires Stericycle to cease the disputed pricing practice, which, combined with savings already realized as a result of Stericycle's policy changes in response to this litigation, results in an additional $160 million in savings to the Class. So while the cash payment to the Class is $295 million, the true value of the Settlement is <u>at least $455 million</u>. The Settlement also provides benefits that are not easily quantifiable, but are still valuable, including increase caps for new contracts and increased transparency requirements. And Stericycle's compliance will be monitored for a period of three years.

In the Seventh Circuit, "in common fund cases, the decision whether to use a percentage method or a lodestar method remains in the discretion of the district court."[2] In this case, Lead Counsel submits that the percentage method should be employed. Courts in the Seventh Circuit and elsewhere, employing either the percentage method or the sliding-scale variation of the percentage method, typically award fees near 20% of the total recovery in large cases such as this one. Lead Counsel's request falls well below that benchmark and constitutes a good bargain for the Class and a reasonable facsimile of the market rate for Lead Counsel's services had the fees been negotiated in advance.

Although the use of a lodestar crosscheck is disfavored in the Seventh Circuit, the Court does have discretion to choose the lodestar method rather than the percentage method. While Lead Counsel does not believe that the lodestar method is the best approach in this case, it nevertheless supports the $40 million award requested. Counsel have expended over 19,783 hours on the litigation to date, for a total lodestar value of $9,984,303.50 at current and reasonable hourly rates. The resulting lodestar multiplier for the $40 million fee award sought

---

[2] *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994).

-2-

would be 4.01. Although a 4.01 multiplier is on the high end of what is typically allowed under the lodestar method, such a multiplier is warranted in this case.

Under the lodestar method, the court calculates a base lodestar by multiplying a reasonable hourly rate by the number of hours reasonably expended.[3] It may then adjust the base lodestar using the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[4] Taking these factors into account, and particularly considering the skill and energy demonstrated by Lead Counsel as well as the extraordinary result for the Class, an unusually high multiplier of 4.01 is warranted.

Lead Counsel also seeks the recovery of $2,670,604.35 expended in litigating this case. In light of the Class recovery of $455 million (or $295 million counting only the cash portion), the overall amount of those costs is reasonable. In *In re AT&T Mobility Wireless Data Services Sales Tax Litigation*, the court observed "a 2004 empirical study, which found that costs and expenses for the sample as a whole were, on average 4 percent of the relief for the class."[5] The costs here amount to only 0.6% of the total Settlement value, or 0.9% of the cash portion. Individually, the costs incurred were reasonable and necessary. The vast majority of those costs

---

[3] *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010).

[4] *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 444 n.3 (1983).

[5] 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011), quoting Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees in Class Action Settlements: An Empirical Study*, 1 J. EMPIRICAL LEGAL STUD. 27, 70 (2004) (internal quotation marks and alterations omitted).

were for expert services and the other costs were reasonable and customary, and such costs are incurred in every case with national scale. The costs claimed are reasonable and should be allowed.

Finally, Plaintiffs seek modest $5,000 service awards for each of the Class Representatives. Awards in this amount are commonly permitted even in cases requiring less effort by representatives than did this one. The service awards are reasonable and should be granted.

DATED: January 5, 2018

Respectfully submitted,

By: */s/ Steve W. Berman*
    Steve W. Berman
Garth D. Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: garthw@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: beth@hbsslaw.com

*Lead Counsel*

-4-

-5-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system on January 5, 2018. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

DATED: January 5, 2018        HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
  STEVE W. BERMAN

010362-11 1007677 V1