UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: STERICYCLE, INC., STERI-SAFE CONTRACT LITIGATION | No. 1:13-cv-05795<br>MDL No. 2455<br><br>Judge Robert W. Gettleman |

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF**
**CLASS SETTLEMENT**

Hagens Berman Sobol Shapiro LLP ("Hagens Berman" or "Class Counsel"), on behalf of Class Representatives Lyndon Veterinary Clinic, PLLC, ResearchDx, LLC, Cochranton Veterinary Hospital, Amores Dental Care, McMackin & Zimnoch, P.C., Madison Avenue Professional Building, and Greater Hampstead Family Medicine, PC., presents this unopposed motion seeking preliminary approval of the Settlement Agreement and Release ("Agreement").[1]

The Class, previously certified by the Court, is defined as:

> All persons and entities that, between March 8, 2003 through the date of preliminary approval resided in the United States (except Washington and Alaska), were identified by Stericycle as "Small Quantity" or "SQ" customer, and were charged and paid more than their contractually-agreed price for Stericycle's medical waste disposal goods and services pursuant to Stericycle's Automated Price Increase Policy. Governmental entities whose claims were asserted in *United States ex rel. Perez v. Stericycle Inc.* shall be excluded from the class.[2]

The proposed Class Representatives for purposes of this Settlement are all former Stericycle customers who were subject to Stericycle's Automated Price Increase policy. Their

---

[1] The Settlement Agreement and its exhibits are attached to the Declaration of Steve W. Berman ("Berman Decl.") as Ex. 1.

[2] Dkt. No. 261. The Class approved by the Court covered the period "March 8, 2003 through the date of trial." For purposes of settlement, the class period necessarily runs only through the date of preliminary approval, which serves as a proxy for the "date of trial."

-1-

experiences, as detailed in Plaintiffs' Motion for Class Certification, are typical of the Class. All of the Class Representatives have approved the Settlement Agreement. The previously certified Class continues to meet the requirements of Rule 23, for the reasons set forth in the Court's Order certifying the class.

Because the Court has previously certified a class in this matter, the issue before it now is a simple one:

> Should the Settlement Agreement, which provides $295 million to the Class and contains prospective relief that will put an end to the disputed pricing practice, cap future price increases, provide for additional transparency in future contracts, and contains mechanisms for monitoring compliance with the Settlement Agreement, be granted final approval?

As reflected in more detail in Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Settlement ("Memorandum"), the answer to that question is "Yes."

Rule 23(e) "requires court approval of any settlement that effects the dismissal of a class action. Before such a settlement may be approved, the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion."[3] In making this determination, courts determine whether the settlement is fair, adequate, and reasonable by examining the following factors: (1) the strength of the plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed.[4]

The Court should grant Plaintiffs' motion because all of these factors weigh in favor of granting final approval.

---

[3] *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (citation omitted).
[4] *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

- Plaintiffs' case still faces substantial hurdles, potential delays, and no certainty that a favorable outcome at trial would result in a verdict providing relief greater than that afforded by the Settlement. The Settlement provides significant benefits to the Class, including a $295 million cash payment, a cessation of the disputed pricing practices, a cap on future price increases, and oversight by a Settlement Monitor to ensure compliance. These certain benefits outweigh the uncertain prospects of continued litigation and favor preliminary approval.

- If this case returns to a litigation footing, there will likely be substantial delays as Stericycle challenges the Court's granting of class certification. Once the matter gets to trial, further uncertainties lie ahead, including serious defenses that could eliminate or reduce the Class's recovery. These risks are removed by the Settlement. The risk, expense, complexity, and likely duration of further litigation weigh in favor of preliminary approval.

- All of the Class Representatives favor the Settlement and the Settlement provides substantial benefits to the Class. Opposition to the Settlement at this point is *de minimus* and the two objections submitted are without merit.

- The terms of the proposed Settlement were reached following extensive discovery by attorneys familiar with the legal and factual issues of the case. The case has been thoroughly litigated and subjected to extensive briefing on class certification. Class Counsel has the benefit of a deep understanding of the factual and legal issues and recommends the Settlement.

As more fully described in the Memorandum and supporting exhibits, Plaintiffs respectfully request that the Motion be granted and the Court enter an order: (i) certifying the Class for purposes of the Settlement; (ii) granting final approval of the Settlement; (iii) permitting the payment of remaining Settlement Administration expenses for distribution of checks to Class Members out of the Settlement Fund; (iv) awarding Class Counsel attorney's fees and costs and incentive awards to the Class Representatives as requested in the Motion for

Attorney's Fees, Costs, and Incentive Awards under consideration contemporaneously with this Motion.

DATED: February 12, 2018                    Respectfully submitted,

By: */s/ Steve W. Berman*
  Steve W. Berman
Garth D. Wojtanowicz
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: garthw@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: beth@hbsslaw.com

*Class Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on February 12, 2018. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

DATED: February 12, 2018    HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Steve W. Berman*
       STEVE W. BERMAN